**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

MALINA HASSAN BROWN,

     Plaintiff,

          v.                             Civil Action No. AW-10-cv-1661

BANK OF AMERICA, N.A.
BAC HOME LOAN SERVICING, LP, *et al.*,

     Defendants.

---

**MEMORANDUM OPINION**

Plaintiff Malina Brown brings this action against Defendants Bank of America; BAC Home Loan Servicing ("BAC"); Bierman, Geesing & Ward, LLC; Howard Bierman, Jacob Geesing, Carrie Ward ("Substitute Trustees"); Wachovia Bank ("Wachovia");[1] and Mortgage Electronic Registration System Inc. ("MERS").  The following motions are pending before the Court: (1) the Motion to Dismiss the First Amended Complaint of Defendants Bank of America, BAC, and MERS; (2) the Motion to Dismiss the First Amended Complaint of Defendants Bierman, Geesing & Ward, LLC and the Substitute Trustees;[2] (3) the Motion to Strike the First Amended Complaint of Defendants Bank of America, BAC, and MERS; (4) Plaintiff's Motion to File a Second Amended Complaint; and (5) the Motion to Strike Plaintiff's Affidavit of

---

[1] Brown did not name Wachovia as a defendant in the state action that Defendants subsequently removed to this Court.  (*See* Doc. 3.)  However, Brown filed a First Amended Complaint in which she named Wachovia as a defendant on March 14, 2011.  (Doc. 18.)  The record does not indicate that Brown has served Wachovia.  Nor does the record reflect that Brown requested the Clerk to issue a summons.  Therefore, as more than 120 days have passed since Brown filed the First Amended Complaint in which she named Wachovia as a defendant, the Court dismisses Brown's claims against Wachovia for failure to effect service of process.  *See* Fed. R. Civ. P. 4(m).  Brown also named "John Doe 1 through 100" as defendants.  As Brown has failed to state cognizable claims against any of the unnamed Defendants, the Court terminates these unnamed Defendants as well.

[2] The Motions to Dismiss the First Amended Complaint of these two sets of Defendants are duplicative;  therefore, the Court collectively refers to these Motions as "Motion to Dismiss."

Defendants Bank of America, BAC, and MERS.  The Court has reviewed the record and finds no

hearing necessary.  For the reasons below, the Court **GRANTS** the Motion to Dismiss; **DENIES**

**AS MOOT** the Motion to Strike the First Amended Complaint; **DENIES** the Motion to File a

Second Amended Complaint; and **DENIES AS MOOT** the Motion to Strike the Affidavit.

## I.       FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise indicated, the following factual allegations are drawn from the Second

Amended Complaint[3] and are construed in the light most favorable to Brown.  On August 30,

2005, Brown borrowed $600,000 from GreenPoint Mortgage Funding, Inc. ("GreenPoint") to

purchase a residential home in Bowie, MD.  Brown guaranteed the loan with a Note secured by a

Deed of Trust.  After Brown paid $6,000, she was informed that GreenPoint never received the

$6,000 payment.  On December 31, 2007, Brown paid $12,000.[4]

On September 12, 2008, GreenPoint delivered to Brown a Notice of Intent to Foreclose.

Subsequently, Wachovia allegedly purchased the loan from GreenPoint.  On October 6, 2009,

Bank of America refused to validate Brown's alleged debt.  In early January 2010, the Substitute

Trustees filed an Assignment of Substitute Trustees and two affidavits—submitted by

GreenPoint and Bank of America—stating that affiants personally knew the loan was in default.

On January 25, 2010, the Substitute Trustees dismissed the foreclosure proceeding.  Four days

later, on behalf of Wachovia, Bank of America and the Substitute Trustees sent Brown an illegal

notice of foreclosure.  In July 2010, through a forensic audit and the Recorder of Deeds, Brown

learned the loan was not endorsed and no true sale to Wachovia occurred.

## II.      STANDARD OF REVIEW

### A.       12(b)(6) Motion to Dismiss

---

[3] All references to the Second Amended Complaint refer to the proposed Second Amended Complaint.
[4] In the First Amended Complaint, Brown does not reference either payment, instead stating she defaulted on her loan.  (1st Am. Compl. ¶ 17, Doc. 18.)  Ultimately, this contradiction is inconsequential to the Court's analysis.

The purpose of a motion to dismiss is to test the sufficiency of a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.      Motion to Amend**

Once the scheduling deadline to file an amended complaint has passed, the moving party must satisfy the two-prong test under Federal Rules of Civil Procedure 15(a) and 16(b)(4) in order for the court to grant leave to amend a pleading.  *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008).  The threshold "good cause" standard of Rule 16(b)(4) must be

met before the movant can satisfy the second prong. *See id.* at 298.  If the movant satisfies Rule 16(b)(4), the movant then must pass the test for amendment under Rule 15(a).  *See id.* at 298–99; *see also Daso v. Grafton Sch., Inc.*, 181 F. Supp.2d 485, 488 (D. Md. 2002).

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The good cause requirement is met by showing that, despite diligence, the proposed claims could not have been reasonably brought in a timely manner.  *See Montgomery v. Anne Arundel County, Md.*, 182 Fed. App'x. 156, 162 (4th Cir. 2006).  The factors to be considered in discerning good cause are the "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp.2d 757, 768–69 (citation omitted).

Once the movant has met the burden of showing good faith, the court's inquiry shifts to the standard under Rule 15(a) providing that a court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a).  Leave to amend a pleading should be denied only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation and internal quotation marks omitted).

## III.    LEGAL ANALYSIS

## A.    Motion to File Second Amended Complaint

The Second Amended Complaint elaborates on the initial factual allegations in order to augment Brown's claims.  For example, to amplify allegations already made, the Second Amended Complaint incorporates five exhibits that were in Brown's possession when she filed

the First Amended Complaint.[5]  In fact, nearly all the additional information in the Second

Amended Complaint was available when Brown filed the First Amended Complaint—a fact

courts have found evidences prejudice and suffices for denying an amendment.  *See Al-Abood v.*

*El-Shamari*, 217 F.3d 225, 234 (4th Cir. 2000); *Int'l Paper Co. v. Schwabedissen Maschinen &*

*Anlagen*, 206 F.3d 411, 420 (4th Cir. 2000).

More importantly, the Second Amended Complaint fails to cure the deficiencies in the

First Amended Complaint and is thus futile.  Applying the Rule 12(b)(6) standard, the Court

finds none of the Second Amended Complaint's four counts states a plausible claim for relief.

Therefore, the Court denies the Motion to File a Second Amended Complaint.

**B.      Fraud (Count I)**

Count I of the Second Amended Complaint pleads fraudulent misrepresentation, which

requires a party "state with particularity the circumstances constituting fraud or mistake."  Fed.

R. Civ. P. 9(b).  To satisfy this standard, a plaintiff must "describe the time, place, and contents

of the false representations, as well as the identity of the person making the misrepresentation

and what he obtained thereby."  *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525

F.3d 370, 379 (4th Cir. 2008) (citations and internal quotations omitted).

Moreover, "[t]o recover damages in a fraud action, a plaintiff must prove: (1) that the

defendant made a false representation to the plaintiff; (2) that the falsity was known to the

defendant or made with reckless indifference to its truth; (3) that the misrepresentation was made

for the purpose of defrauding the plaintiff; (4) that the plaintiff relied on the misrepresentation

and had the right to rely on it; and (5) that the plaintiff suffered compensable injury resulting

---

[5] Myrna Sparks's affidavit is the only exhibit that was not in Brown's possession.  The First Amended Complaint
was filed on March 14, 2011; the affidavit is dated April 21, 2011 (Doc. 23-12.)  Nevertheless, this affidavit is
irrelevant to the Court's analysis.

from the misrepresentation." *Bank of America v. Mitchell Living Trust U/A DTD 06.07.1999*,

No. 10-CV-00857, 2011 WL 5386379, at *24 (D. Md. Nov. 3, 2011) (citations omitted).

Although the vague allegations in the proposed Second Amended Complaint plead fraud

with insufficient particularity, assuming *arguendo* Count I satisfies Rule 9(b), the Second

Amended Complaint is still futile.  Brown fails to allege satisfaction of the claim's elements.

First, Brown contends Defendants knowingly misrepresented (1) that the January 2010 affidavit

and Assignment of Substitute Trustees was true and valid and (2) that Wachovia owned the Note

and Deed of Trust.  Based on these facts, Brown concludes she "reasonably relied on the

misrepresentation until she suffered damages and a forensic audit was performed."  (2nd Am.

Compl., Count I ¶ 7, Doc. 28-1.)[6]  This legal conclusion, devoid of specific factual supports,

insufficiently pleads the last two required elements of a fraud claim.

Second, Brown asserts Defendants knowingly misrepresented—via the 2008 and 2010

Notices—that Brown's loan was in default and that Wachovia was the secured party.  According

to Brown, her loan was not in default because she made two payments in 2007 that GreenPoint

failed to credit.  Her reliance on these notices led to emotional distress and costly legal actions.

It is noteworthy, however, that Brown's injuries were caused by GreenPoint's failure to apply

Brown's payments to her account, *not* any false statements by Defendants.  When Brown

submitted her 2007 payments, GreenPoint was still the secured party, not Defendants.  (2nd Am.

Compl. ¶¶ 17–18, Doc. 28-1.)  In short, Brown's injuries—bankruptcy, financial counseling,

state court action—resulted from GreenPoint's misrepresentation that foreclosure was imminent.

Since Defendants did not trigger Brown's injuries or her attempts to prevent foreclosure,

Brown's claim relies on the following supposition: in assuming the mortgage, Defendants

---

[6] The Second Amended Complaint begins each count with paragraph one.  To avoid confusion, the Court cites both the count and the paragraph when appropriate.

became subject to Brown's claims against GreenPoint.  Yet, it is undisputable that Maryland common law rejects implied assignee liability.  *See Fulmore v. Premier Fin. Corp.*, No. JFM-09-2028, 2010 WL 4286362, at *2 (D. Md. Oct. 29, 2010) (citing *P/T Ltd. II v. Friendly Mobil Manor, Inc.*, 79 Md. App. 227, 234 (Ct. Spec. App. 1989)).  Therefore, Defendants—the assignees—are not liable for GreenPoint's alleged misconduct.

Brown repeatedly counters this analysis by reiterating that she does not hold Defendants liable for GreenPoint's actions and, instead, asserts a *defense* against Defendants.  (Doc. 30 ¶¶ 12, 15–16, 20.)  This reasoning misapplies *Fulmore's* holding that obligors can assert defenses and recoupment claims against assignees.  *See id.* at *3.  In fact, this Court recently clarified *Fulmore*, explaining that an assignee is "not subject to affirmative claims for relief based on the assignor's misconduct, but the assignee instead faces[s] only the risk that his own claim could be reduced or eliminated because of the misconduct of the assignor."  *Holiday v. Holiday*, Civil Action No. 8:09–CV–01449–AW, 2011 WL 3565566, at *3 (D. Md. Aug. 11, 2011) (quoting *Fulmore*, 2010 WL 4286362, at *4).

By comparing the facts of this case to those in *Holiday*, it is clear Brown misconstrues the nature of her claims.  Like Brown, the plaintiff in *Holiday* alleged the loan originator forged mortgage loan documents.  After the loan was assigned, the plaintiff claimed the assignee was liable for the invalid deed of trust.  Since the plaintiff brought an affirmative fraud claim, this Court found inapplicable *Fulmore's* sanction of raising defenses and recoupment claims against assignees.  *See Holiday*, WL 3565566, at *3.  Likewise, Brown's claims are affirmative, not defensive, and thus subject to the law against assignee liability.  In short, since Defendants have

not filed any claims against Brown,[7] her argument is nonsensical and could not survive a motion to dismiss.

## C.      Declaratory Judgment and Recoupment (Count II)

Count II requests declaratory relief, recoupment, and set-off based on GreenPoint's failure to satisfy the Truth in Lending Act's disclosure requirements, 15 U.S.C. § 1601 *et. seq.*, and on Wachovia's acceptance of the Note and Deed of Trust despite its illegalities.

In addition to a flawed analysis regarding assignee liability, *see supra* Part III.B, Count II is futile because it is time-barred.  Under 15 U.S.C. § 1640(e), "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."[8]  15 U.S.C. § 1640(e).  For mortgages, the one-year statute of limitations begins running "no later than the date the plaintiff enters the loan agreement."  *Tucker v. Beneficial Mortgage Co.*, 437 F. Supp.2d 584, 589 (E.D. Va. 2006).  Brown concedes she entered the loan agreement on August 30, 2005 and filed an action on April 27, 2010.  (Doc. 23-1 at 8.)  Count II, as amended, is therefore untimely and subject to dismissal.

## D.      Fair Debt Collection Act (Count III)

Brown alleges violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, because Defendants refused to validate her debt.  Pursuant to § 1692g of the FDCPA, a consumer must dispute a debt "within the thirty-day period" following "the initial communication . . . [regarding] the collection of any debt."  15 U.S.C. § 1692g.  While Brown

---

[7] In Brown's Motion to Amend, she wrongly states that this case began as a foreclosure action in state court.  (Doc. 28 ¶ 1–3.)  In actuality, Defendants voluntarily dismissed the foreclosure proceeding.  (2nd Am. Compl. ¶ 46, Doc. 28-1.)  The present case is a separate, affirmative civil action by Brown, which Defendants removed from the Circuit Court for Prince George's County to this Court.  (Doc. 1, 3.)

[8] In Maryland, civil actions "must be filed within three years . . . unless another provision of the Code provides a different period of time . . ."  Md. Code Ann., Cts. & Jud. Proc. § 5-101.  Since the TILA explicitly provides a one-year statute of limitations, this prevails over Maryland's three-year limitation.  Nevertheless, Count II is untimely even under a three-year statute of limitations.

received the foreclosure notice on September 12, 2008 (2nd Am. Compl. ¶ 17, Doc. 28-1), she

requested validation on October 6, 2009 (2nd Am. Compl., Count III ¶ 2, Doc. 28-1).  This one-

year delay forecloses FDCPA claims and permitting Brown to amend Count III is futile.

**E.      Maryland Consumer Protection Act (Count IV)**

Count IV alleges violations of the Maryland Consumer Protection Act ("CPA"), Md.

Code Ann., Com. Law § 13-303, resulting from GreenPoint's misleading statements and from

Wachovia's failure to take the Note and Deed of Trust without notice of its illegalities.

First, Brown erroneously imputes liability to Defendants for GreenPoint's actions, *see*

*supra* Part III.B, even though "it is clear that . . . the CPA specifically [does not] provide for

[assignee] liability." *Petry v. Wells Fargo Bank*, 597 F. Supp. 2d 558, 565 (D. Md. 2009).

Second, Maryland's three-year statute of limitations bars Brown's CPA allegations. *See* Md.

Code Ann., Cts. & Jud. Proc. § 5-101.  GreenPoint made the allegedly false statements at the

loan's closing in 2005.  (2nd Am. Compl. ¶¶ 6–13; Count IV ¶ 2, Doc. 28-1.)  Yet, Brown waited

until April 27, 2010 to commence this action.  Accordingly, amending Count IV is futile.

**F.      Motion to Dismiss First Amended Complaint**

As previously discussed, the Second Amended Complaint is an improved variant of the

First Amended Complaint, filed in response to the Motion to Dismiss.  In fact, the Opposition to

the Motion to Dismiss relies heavily on the Second Amended Complaint when addressing

insufficiencies in the First Amended Complaint.  In short, the Second Amended Complaint is a

more persuasive and detailed pleading of Brown's original legal theories and claims.[9]

---

[9] The Second Amended Complaint drops a Truth in Lending Act ("TILA") claim, which the Court easily dismisses. Under § 1635(e)(1) of the TILA, rescission does not apply to "residential mortgage transaction[s]."  15 U.S.C. § 1635(e)(1).  Hence, Brown's loan—that she obtained to purchase a residential property—is not subject to rescission. Accordingly, the Court dismisses Count III of the First Amended Complaint for failure to state a plausible claim for relief.  Furthermore, the Court notes that even if Brown were entitled to rescission, she would be time-barred.  *See* 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction . . .").

As such, the First Amended Complaint suffers from the same fatal flaws as the Second Amended Complaint; namely, erroneously holding Defendants liable for GreenPoint's actions and pleading untimely claims.  Thus, after thoroughly scrutinizing the superior Second Amended Complaint and concluding it could not survive a Rule 12(b)(6) motion, the Court grants, *a fortiori*, the Motion to Dismiss the First Amended Complaint.

**G.      Motion to Strike Plaintiff's Affidavit**

Brown's affidavit—submitted pursuant to Rule 56(d) of the Federal Rules of Civil Procedure—contends that the Court is "required to treat the pending motion to dismiss as a Rule 56 Motion for Summary Judgment."  (Doc. 33 at 2.)  This declaration is simply untrue.  Instead, a district court "*may*, but is not *required*, to consider [materials outside the pleadings]" and a "judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings."  *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring and dissenting in part) (quotations omitted); *see Tuttle v. McHugh*, No. 10-2442, 2011 WL 6118588, at *1 (4th Cir. Dec. 9, 2011).

Here, conversion is not required since the Court did not consider materials outside the pleadings; nor did the Court resolve any matters of fact but instead assumed the truth of Brown's allegations.  In granting the Motion to Dismiss, the Court limited its analysis to the First Amended Complaint and disregarded the exhibits and additional facts in Brown's Opposition. Similarly, in evaluating the Motion to Amend, the Court restricted its scrutiny to the Second Amended Complaint and Brown's exhibits.  Such materials are not considered outside the pleadings.  Not only does the Second Amended Complaint maintain that "[t]he exhibits are . . . incorporated herein by reference in their entirety" (Doc. 28-1 n.1), Rule 10(c) provides that "an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c); *see Philips*

*v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2006) (holding a court may "consider

documents attached to the complaint, . . . so long as they are integral to the complaint and

authentic.") (citations omitted).  In sum, because the Court is not required to convert the motion

to dismiss into a motion for summary judgment, Rule 56(d) is inapplicable.  Therefore, the Court

denies as moot the Motion to Strike Plaintiff's Affidavit.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss; **DENIES AS**

**MOOT** the Motion to Strike the First Amended Complaint; **DENIES** Plaintiff's Motion to File a

Second Amended Complaint; and **DENIES AS MOOT** the Motion to Strike Plaintiff's

Affidavit.  A separate Order follows, closing the case with prejudice.


_____February 3, 2012_____                          _____/s/_____
              Date                                              Alexander Williams, Jr.
                                                                United States District Judge